**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **Patricia Fox and Maria Cardeno,** | |
| Plaintiffs, | 01-CV-1827 (WJM) |
| v. | OPINION |
| **Herzog, Heine, Geduld, Inc., Emanuel E. Geduld, Irwin Geduld, John E. Herzog, State Street Bank & Trust Co. and Merrill Lynch ESOP,** | |
| Defendants. | |

Michael S. Meisel
Cole, Schotz, Meisel, Forman & Leonard, P.A.
25 Main Street
P.O. Box 800
Hackensack, NJ 07601

    *(Attorneys for Plaintiffs)*

Katie A. Gummer
McCarter & English
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101-0652

    *(Attorneys for Defendants)*

**MARTINI, District Judge:**

    **THIS MATTER** comes before the Court on Defendants' motion for summary judgment, Plaintiffs' cross-motion for partial summary judgment, and Plaintiffs' motion to strike testimony. There was no oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, Defendants' motion is **GRANTED** and Plaintiffs' motions are **DENIED**. Plaintiffs' second amended

complaint is **DISMISSED WITH PREJUDICE**.

I. **Procedural Background:**

This action arises from the July 2000 acquisition by Merrill Lynch & Co., Inc. ("Merrill") of Herzog, Heine, and Geduld, Inc. ("HHG"), a privately-held NASDAQ market maker. Plaintiffs were formerly employees of HHG and participants in the HHG Employees' Stock Ownership Plan ("HHG ESOP" or "the ESOP"), an employee pension benefit plan covered by the Employee Retirement Income Security Act ("ERISA" or "the Act"). Plaintiffs filed this action in April 2001 pursuant to ERISA §§ 502(a)(2) and 502(a)(3) on behalf of the HHG ESOP. Plaintiffs request monetary damages under ERISA § 409 as well as other equitable relief.

Plaintiffs filed their original complaint in April 2001 and amended the complaint in July 2001. In October 2002, on motion by Defendants, this Court dismissed Plaintiffs' amended complaint without prejudice. Plaintiffs' filed a second amended complaint in May 2003, alleging ERISA violations against the following defendants: (1) HHG, (2) Emanuel Geduld ("E. Geduld"), former President and CEO of HHG and fiduciary of the HHG ESOP, (3) Irwin Geduld ("I. Geduld"), former Board member of HHG and fiduciary of the HHG ESOP, (4) John Herzog ("Herzog"), former Board member of HHG and fiduciary of the HHG ESOP,[1] (5) SSB, Trustee of the HHG ESOP, and (5) the Merrill Lynch Employees' Stock Ownership Plan ("Merrill ESOP"). Defendants have now moved for summary judgment arguing that Plaintiffs cannot meet the requisite elements of their ERISA claims.

---

[1] Hereinafter, E. Geduld, I. Geduld, and Herzog are collectively referred to as "the HHG executives."

2

**II. Factual Background:**

The HHG ESOP was a "leveraged ESOP" in that it had borrowed money to purchase its holdings, which consisted exclusively of HHG stock. Under the terms of the ESOP, HHG had an obligation to pay into the ESOP, which in turn used these funds to repay the loan. As the ESOP repaid its debt, the ESOP released HHG shares from a suspense account and allocated the shares into participants' accounts. Any unallocated shares continued to be held in the suspense account.

In March 2000, the HHG Board appointed State Street Bank ("SSB") Trustee of the ESOP.[2] On June 5, 2000, the Board amended the Trust Agreement such that SSB would have independent authority to decide whether to sell the HHG shares held by the ESOP in the face of a tender offer. On or about June 26, 2000, Merrill made a tender offer for HHG shares. In response, SSB made the decision to sell the ESOP's 30.5% stake in HHG. Merrill eventually acquired 93% of HHG shares.

In exchange for tendering all HHG shares it held, the ESOP received over 5.2 million Merrill shares worth approximately $354 million. Thus, allocated and unallocated HHG shares were converted into allocated and unallocated Merrill shares, respectively, and the unallocated shares continued to be held in the suspense account. At the time of the acquisition, close to 5,000 shares, or 27% of the ESOP's holdings, remained unallocated.

Following the acquisition, sometime around November 2000, Merrill announced its intention to merge the HHG ESOP into the Merrill ESOP. Merrill effected this merger in July 2001 and explained that the Merrill ESOP would allocate any future releases of Merrill shares to all participants in the Merrill ESOP, including to Merrill employees who had never worked for HHG. As a result, unallocated Merrill shares that were previously held in the HHG ESOP are

---

[2] Prior to March 2000, E. Geduld and J. Herzog served as the ESOP's Trustees.

now dispersed to a wider pool of employees than if the merger had not occurred, essentially diluting the number and value of shares that would have gone to the HHG employees absent the merger.

Plaintiffs sued under ERISA, alleging breaches of fiduciary duty. Plaintiffs argue that HHG and the HHG executives breached their fiduciary duties in negotiating and approving the Merrill merger without safeguarding HHG employees' rights to the unallocated shares. They also argue SSB breached its fiduciary duty as Trustee by tendering the ESOP's shares without first attempting prepay the loan so as to allocate to HHG employees any HHG shares that remained unallocated. Plaintiffs do not allege any liability against the Merrill ESOP, but name it as a defendant for the purposes of recovering funds from it.

### III. Standard of Review

Federal Rule of Civil Procedure 56 provides that summary judgment may be granted if the materials submitted to the Court show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Hersh v. Allen Prods. Co.*, 789 F.2d 230, 232 (3d Cir. 1986); *Lang v. New York Life Ins. Co.*, 721 F.2d 118, 119 (3d Cir. 1983). Where the facts are not in dispute and the issues contested in a summary judgment motion are legal issues, the court may proceed to decide the legal issues and rule accordingly on the summary judgment motion. *See Ingram v. County of Bucks*, 144 F.3d 265, 267 (3d Cir. 1998) (when there is no genuine issue of material fact in dispute and the issue facing the court is a question of law, it can properly be resolved on summary judgment). Such is the case here.

**IV. Plaintiffs Are Not Entitled to Monetary Damages Under ERISA § 502(a)(2)**

Plaintiffs have brought suit for monetary damages pursuant to ERISA § 502(a)(2), which allows participants and beneficiaries to file civil suits for relief under ERISA § 409. ERISA § 409 states:

> "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary."

In keeping with the above-quoted language, in order to state a claim for monetary recovery for breaches of fiduciary duty under § 409, Plaintiffs must demonstrate a "loss to the plan." *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985); *Hein v. FDIC*, 88 F.3d 210 (3d Cir. 1996). Further, this loss must inure to the plan as a whole, rather than to individual beneficiaries or a subclass of beneficiaries. *Id.*

In this case, however, the plan at issue sustained no loss resulting from the merger. All HHG shares that the HHG ESOP held, whether allocated or unallocated, were converted into Merrill stock. Plaintiffs nowhere contend that the HHG shares were of greater value than what the ESOP received for them. Nor do they dispute the fact that the plan as a whole gained significantly as a result of the transaction. That Plaintiffs are angry that they, the then-present HHG ESOP participants, must now "share," for lack of a better term, the unallocated shares with employees never employed by HHG has no bearing in determining liability under § 409.

Since Plaintiffs cannot prove a requisite element of a § 409 claim, this Court finds Plaintiffs cannot sustain an ERISA violation on these facts. This ruling obviates any need to rule

5

on the question of whether Plaintiffs can demonstrate a fiduciary breach.[3]

**V. Plaintiffs Are Not Entitled Equitable Relief Under ERISA § 502(a)(3)**

Plaintiffs have also requested equitable relief and/or money damages under § 502(a)(3) of ERISA.[4]  Specifically, Plaintiffs ask this Court either to "reallocate to the accounts of all HHG plan participants as of July 14, 2000 the value of the unallocated shares," or award money damages in lieu of equitable restitution.  (Pls' Opp'n Br. 39-40.)  Plaintiffs can demonstrate no entitlement to either form of relief.

Equitable restitution under § 502(a)(3) is available where "money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession."  *Great-West Life & Annuity Ins. v. Knudson*, 534 U.S. 183, 213 (2002).  In ruling on the motion to dismiss Plaintiffs' first amended complaint, however, this Court held that Plaintiffs' have no vested right to the unallocated shares.  (October 30, 2002 Mem. Op. 27.)  In that decision, this Court expressly stated that Plaintiffs "can claim no entitlement to the shares contained in the suspense accounts, for those shares were not [accrued] benefits protected under ERISA."  (*Id.*)  Thus, since Plaintiffs have no claim to the unallocated shares, they cannot show that Defendants are in possession of something that rightfully belongs

---

[3] This Court is mindful of our October 30, 2002 opinion in which we disagreed with SSB's contention that the ESOP plan "contemplate[d] that the Trustee owes a fiduciary duty to future or potential participants in the ESOP."  (Mem. Op. 20.)  However, irrespective of to whom SSB owed a fiduciary duty, Plaintiffs must show a loss to the plan in order to state a claim for monetary damages under § 409.  They have failed to do so.

[4] ERISA Section 502(a)(3) states that a civil action may be brought:
   "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

to them.  As such, they can state no claim for equitable restitution much less request monetary damages for loss of these shares.

## VI. Conclusion:

For the reasons stated above, this Court concludes that there are no genuine issues as to any material fact regarding Plaintiffs' claims.  As such, this Court **GRANTS** Defendants' motion for summary judgment, **DENIES** Plaintiffs' motion for partial summary judgment, **DENIES** Plaintiffs' motion to strike as moot, and **DISMISSES** Plaintiffs' second amended complaint **WITH PREJUDICE**.  An appropriate order accompanies this opinion.


Date: December 27, 2005


        s/William J. Martini
**William J. Martini, U.S.D.J.**